J-S36030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTONIO VIRGINIO ILLIANO | : | |
| | : | |
| Appellant | : | No. 900 MDA 2023 |

Appeal from the PCRA Order Entered May 10, 2023
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0002973-2021

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:  **FILED: JANUARY 8, 2025**

Antonio Virginio Illiano appeals *pro se* from the order denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We vacate the order and remand for further proceedings.

On August 8, 2022, Illiano pleaded guilty to attempted sale of obscene material, soliciting sexual abuse of children, criminal use of a communication facility, and attempted corruption of minors.[1] At the plea hearing, Illiano waived his right to postpone sentencing pending a sexually violent predator ("SVP") determination. *See* N.T., Guilty Plea Hearing, 8/8/22, at 13; Waiver of Requirements Under 42 Pa.C.S.A. § 9799.58 and Request to be Sentenced, dated 8/8/22. The court stated that it had received Illiano's completed guilty plea colloquy form and the plea agreement. *See* N.T., Guilty Plea Hearing, at

---

[1] 18 Pa.C.S.A. §§ 901(a), 5903(a)(2), 902(a), 6312(b), 7512(a), and 6301(a)(1)(ii), respectively.

5. It also noted that "in the guilty plea colloquy, there was also an explanation of your rights to appeal *after today*." *Id.* at 15 (emphasis added). The colloquy form advised Illiano that he could appeal to this Court within 30 days and could file a post-sentence motion within 10 days of sentencing. The form asked if he understood those things, and he indicated that he did. *See* Guilty Plea Colloquy and Post-Sentence Rights, dated 8/8/22, at ¶¶ 55, 62.

The court conducted an oral colloquy and asked Illiano if he had reviewed his appellate rights listed on the guilty plea colloquy form with his attorney and if he understood those rights. *See* N.T., Guilty Plea Hearing, at 15. Illiano replied, "Yes." *Id.* The prosecutor stated that the evidence against Illiano would establish that Illiano, who was 52 years old at the time, had engaged online with a person Illiano believed to be a 15-year-old girl but who in fact was an "online vigilante," Justin Perry. *Id.* at 9. Illiano sent the person he was communicating with a picture of his penis, asked for photos of her breasts, and described sex acts he would perform. *Id.* at 9-10. Illiano also arranged for a meeting and went to the meeting place at the designated time, where Perry filmed him. *Id.* at 10.

The court imposed the agreed-upon sentence of two and one half to five years' incarceration. *See id.* at 13.[2] It also ordered the Sexual Offender Assessment Board ("SOAB") to conduct an SVP assessment.

_____

[2] The court imposed concurrent terms of 12 to 60 months for the attempted sale of obscene material, 30 to 60 months for soliciting sexual abuse of
*(Footnote Continued Next Page)*

Before the SVP assessment had taken place, in October 2022, the court received a letter from Illiano stating that he believed he had been "railroaded in to [*sic*] a guilty plea[.]" *Pro Se* Letter, dated 10/27/22. The court construed the letter as a PCRA petition and appointed PCRA counsel. Counsel moved to withdraw from the representation, stating that Illiano's judgment of sentence was not final since Illiano's SVP assessment was incomplete. **See** Motion to Withdraw, filed 11/18/22, at ¶ 7. Counsel maintained that because Illiano's judgment of sentence was not final, the public defender's office still represented Illiano, and counsel's appointment would be considered hybrid representation. **See id.** at ¶ 10. The court granted counsel's motion. It did not dismiss the PCRA petition.

The SOAB then conducted an SVP assessment of Illiano and concluded that he did not meet the criteria to be declared an SVP. Consequently, on December 12, 2022, without holding an SVP hearing, the trial court entered an order determining that Illiano was not an SVP. The order stated that his judgment of sentence was final. **See** Order, filed 12/12/22 (stating "[t]he judgment of sentence entered against Defendant on August 8, 2022 is now final"). However, the order did not inform Illiano that his post-sentence motion and direct appeal rights ran from the SVP order, and not from sentencing.

---

children, 12 to 60 months for criminal use of a communication facility, and 24 to 60 months for attempted corruption of minors. **See** N.T., Guilty Plea Hearing, at 13; Guideline Sentence Forms, dated 8/8/22.

The same day, the court reappointed PCRA counsel, who filed a motion to withdraw and a no-merit letter. **See** Letter from PCRA Counsel to Illiano of 1/18/23. PCRA counsel explained that Illiano's claim that plea counsel was ineffective for allegedly advising against pursuing an entrapment defense lacked merit because "[p]olice interaction with you was confined to an interview that occurred after the crime occurred," and the person who had interacted with Illiano online was the lay vigilante, Perry. **Id.** at 3 (unpaginated).

The court issued notice of its intent to dismiss the petition without a hearing. **See** Notice Pursuant to Pa.R.Crim.P. 907, filed 1/30/23. It also granted counsel's motion to withdraw. Illiano responded to the court's Rule 907 notice asking that the court reappoint new counsel. The court denied the request but gave Illiano 45 days to file an amended PCRA petition. **See** Order, filed 2/15/23.

Illiano filed a series of letters to the court that it construed as an amended PCRA petition, which it dismissed on May 10, 2023. This timely appeal followed.

On appeal, Illiano challenges plea counsel's effectiveness. When reviewing the denial of PCRA relief, we determine "whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Reid**, 259 A.3d 395, 405-406 (Pa. 2021). We review the legal conclusions of the PCRA court *de novo*. **See Commonwealth v.**

*Howard*, 285 A.3d 652, 657 (Pa.Super. 2022). The Commonwealth has not filed a brief in this Court.

The PCRA is a means for seeking collateral relief but it only comes into play after the defendant's judgment of sentence has become final. *See Commonwealth v. Kubis*, 808 A.2d 196, 198 n.4 (Pa.Super. 2002). In other words, "[a] PCRA petition may **only** be filed after an appellant has waived or exhausted his direct appeal rights." *Commonwealth v. Smith*, 244 A.3d 13, 16 (Pa.Super. 2020) (cleaned up) (emphasis in original). Therefore, a petition filed before the judgment of sentence becomes final is premature. *See id.* at 16-17 (concluding PCRA petition that petitioner filed before his judgment of sentence became final was premature).

"[W]here a defendant pleads guilty and waives a pre-sentence SVP determination, the judgment of sentence is not final until that determination is rendered." *Commonwealth v. Schrader*, 141 A.3d 558, 561 (Pa.Super. 2016). As such, a court should dismiss a PCRA petition filed before the SVP determination rather than deciding it on the merits or holding it until the judgment of sentence becomes final. *See Smith*, 244 A.3d at 16 (stating "PCRA court had no jurisdiction to 'hold' the premature [PCRA] filing" until petition to appeal to Pennsylvania Supreme Court was denied); *Commonwealth v. Leslie*, 757 A.2d 984, 985-86 (Pa.Super. 2000) (vacating order dismissing PCRA petition and stating PCRA court "improperly proceeded on the merits" of a premature petition). Furthermore, this Court has concluded that a premature PCRA petition is a legal nullity which often results in quashal

of the appeal. **See Smith**, 244 A.3d at 17 (concluding premature PCRA petition a legal nullity and quashing appeal); **Commonwealth v. Neisser**, No. 1968 EDA 2019, 2020 WL 603614, at *3 (Pa.Super. filed Feb. 7, 2020) (unpublished mem.) (concluding premature PCRA petition a legal nullity and quashing appeal); **Commonwealth v. Fountain**, No. 2080 EDA 2021, No. 2081 EDA 2021, No. 2082 EDA 2021, No. 2162 EDA 2021, 2023 WL 2787377 at *2 (Pa.Super. filed April 5, 2023) (unpublished mem.) (quashing PCRA appeal where PCRA petition was premature, such that petition and order disposing of it were legal nullities).

Here, Illiano's sentence became final on January 11, 2023, 30 days after the court entered its order determining that Illiano was not an SVP. **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a) (stating a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); **Schrader**, 141 A.3d at 561. Thus, Illiano's PCRA petition filed before his SVP determination was premature. **See Smith**, 244 A.3d at 16-17. Since the petition is premature, the instant appeal is subject to quashal. Nonetheless, we decline to quash this case and instead find guidance in **Commonwealth v. Livering**, Nos. 624, 1678, 1679, & 1680 MDA 2022, 2023 WL 4417523, at *3 (Pa.Super. filed July 10, 2023) (unpublished mem.),[3] which we find persuasive.

---

[3] **See** Pa.R.A.P. 126(b) (non-precedential decisions filed after May 1, 2019 "may be cited for their persuasive value").

In 2019, Livering pleaded guilty to numerous crimes including involuntary deviate sexual intercourse with a child. The court sentenced him in February 2020. In December 2020, the Commonwealth requested that the court determine Livering's SVP status. *See id.* at *1. The court scheduled an SVP hearing which was continued several times. *See id.* In the meantime, Livering filed a *pro se* PCRA petition in October 2021. *See id.* The next month the court held an SVP hearing and on November 8, 2021, it issued an order determining that Livering was an SVP. *See id.* The order did not advise Livering of his post-sentence or direct appeal rights *See id.* at *3 n.5. The same day the court appointed PCRA counsel who filed an amended PCRA petition. *See id.* The court dismissed the petition in April 2022 and appointed new counsel, who filed an appeal. *See id.* at *1. In its Rule 1925(a) opinion, the trial court concluded that Livering's petition was untimely, noting that his judgment of sentence became final on March 6, 2020, 30 days after it sentenced Livering. *See id.*

On appeal, we found that the court mistakenly determined that Livering's "judgment of sentence became final when the sentence of total confinement was imposed, rather than after the SVP determination had been rendered." *Id.* at *3. We explained that Livering's judgment of sentence did not become final until December 8, 2021, 30 days after the court's SVP determination. *See id.* (citing 42 Pa.C.S.A. § 9545(b)(3) and Pa.R.A.P. 903(a)). As such, we determined that Livering's *pro se* PCRA petition filed two months prior was premature and his appeal was subject to quashal. *See id.*

at *2. However, we declined to quash the appeal and instead vacated the court's order dismissing the petition.

We pointed out that the court's written SVP order "did not apprise [Livering] of his post-sentence or direct appeal rights" and the notes of testimony from the SVP hearing were not transcribed, so it was unclear if he had been advised at the hearing. *See id.* at *3 n.5. Additionally, we noted the court's mistaken determination of the finality of Livering's judgment of sentence, and that it entertained Livering's premature petition. *Id.* at *3-4 (citing **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007)). Considering these facts, we determined that the court's actions amounted to a breakdown in court processes that deprived Livering of his constitutional right to a direct appeal. *See id.* at *3-4. Consequently, we vacated the order dismissing the petition and remanded for the court to advise Livering of his post-sentence and appellate rights and to reinstate those rights *nunc pro tunc*. *See id.* at *4.

We find the instant case procedurally similar to **Livering**. Illiano's judgment of sentence became final on January 11, 2023, 30 days after the court's SVP order. However, the court erroneously informed Illiano that his judgment of sentence had become final on December 12, 2022. **See** Order, filed 12/12/22. Moreover, the court continued the litigation of the premature PCRA petition, instead of dismissing it, and never informed Illiano that his post-sentence and direct appeal rights ran from the SVP order. **See id.** Those

failings together, as in **Livering**, resulted in the deprivation of Illiano's direct appeal rights.

The court's failure to dismiss Illiano's PCRA as premature, paired with its failure to advise him of his appellate rights following his SVP determination, amounted to a breakdown in court processes. We "have held that a court breakdown occur[s] in instances where the trial court, at the time of sentencing," misadvised the appellant of their post-sentence and appellate rights. **Patterson**, 940 A.2d at 498. Although Illiano's post-sentence and appellate rights were explained on the guilty plea colloquy form, the court never advised him of his right to file a direct appeal following the imposition of his SVP designation. **Schrader**, 141 A.3d at 561; Pa.R.A.P. 903(a). That failure, together with the improper continuing of the litigation of the premature PCRA petition, had the unintended effect of depriving Illiano of his direct appeal rights. **See Livering**, 2023 WL 4417523, at *4; **cf. Patterson**, 940 A.2d at 498, 500 (declining to quash untimely appeal where trial court failed to inform appellant of direct appeal rights).

Consistent with **Livering**, we decline to quash and instead vacate the court's order and remand for the court to enter an order advising Illiano of his post-sentence and direct appeal rights and reinstating his post-sentence and direct appeal rights *nunc pro tunc*. **See Livering**, 2023 WL 4417523, at *4. **But see Commonwealth v. Myers**, No. 168 EDA 2023, 2024 WL 1574072 at *3 n.4 (Pa.Super. filed April 11, 2024) (unpublished mem.) (declining to apply **Livering**, noting there was no deprivation of appellant's post-sentence

or direct appeal rights, "as Appellant was advised of, and exercised, his direct appeal rights before the premature petition was filed such that the counseled PCRA petition filed after those rights were exhausted").

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/08/2025